UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ZEPEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>M. ZYSMAN, *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-01860-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HIS EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT ZYSMAN; OR<br><br>(2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner proceeding without counsel, alleges that defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. ECF No. 1 at 1. Plaintiff also alleges that defendants' actions were negligent, inflicted emotional distress, and violated Government Code § 845.6. *Id.* Plaintiff's claims against defendant Zysman, a registered nurse, may proceed past screening, but his claims against the other defendants are non-cognizable. Plaintiff may proceed only with his claims against Zysman, or he may delay serving

any defendant and file an amended complaint. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

## Screening Order

### I.    Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that on July 3, 2021, he awoke in the early morning with chest pain and difficulty breathing. ECF No. 1 at 4. After his cellmate and other surrounding inmates called for help, Zysman and the correctional officer defendants arrived. *Id.* Plaintiff was removed from his cell and examined by Zysman, who took his vitals and claimed that there was nothing wrong with him. *Id.* Plaintiff told Zysman that he was in distress and needed to see a physician. *Id.* She allegedly responded by telling plaintiff that she did not care and that he should "[s]top being a dope fiend." *Id.* Plaintiff was later diagnosed with a blood clot. *Id.* at 5. These allegations are, for screening purposes, sufficient to state an Eighth Amendment claim against Zysman. Plaintiff may also proceed with his state law claims against her. His allegations against the other defendants are non-cognizable.

### A. Officer Defendants

Plaintiff's claims against Walker and the other "Doe" correctional officers cannot proceed. First, his allegations against these defendants do not, taken as true, show that they acted with deliberate indifference. To establish deliberate indifference, plaintiff must show that these officers knew of and disregarded an excessive risk to his health and safety. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). Here, the correctional officers would not have known of the excessive risk to plaintiff's health, since a medical provider had just pronounced him to be fine. *See Hornbuckle v. Warden Matevousian*, No. 16-cv-05527-PJH, 2017 U.S. Dist. LEXIS 209503, *18 (N.D. Cal. Dec. 2017) ("Raski was not deliberately indifferent to plaintiff's serious medical needs when he, as a correctional officer, called Health Service to obtain medical help for plaintiff and then deferred to the medical advice of the nurse who was treating plaintiff . . . .").

Plaintiff's state law claims against these officers fare no better. To succeed on a Government Code § 845.6 claim, an inmate must establish that: (1) the public employee knew or had reason to know of the prisoner's need, (2) for immediate medical care, and (3) failed to reasonably summon such care. *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006). Here, the medical provider on scene had just pronounced plaintiff to be fine. Thus, the officers did not

1   know or have reason to know of his need for immediate medical care.

2   Neither do his allegations support a claim for negligence against these defendants. A
3   negligence claim under California state law requires a showing that a defendant: (1) had a legal
4   duty to use due care; (2) breached such legal duty; (3) the breach was the proximate or legal cause
5   of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care.
6   *See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917, 50 Cal. Rptr. 2d 309, 911 P.2d 496
7   (1996). Here, plaintiff's allegations, taken as true, do not show that the officers breached any
8   legal to him. As explained above, their inaction was justified insofar as they were non-medical
9   personnel who had just been told by a nurse that plaintiff was medically fine.

10  Finally, his claims for intentional infliction of emotional distress against these defendants
11  are also non-viable. The California Supreme Court has explained that an intentional infliction of
12  emotional distress claim requires:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. A defendant's conduct is "outrageous" when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result. . . .

19  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51, 95 Cal. Rptr. 3d 636, 209 P.3d 963 (2009) (internal
20  quotation marks omitted). Here, plaintiff's allegations do not indicate that any officer acted
21  outrageously when responding to his cell.

22  **B.     Nurse Defendants**

23  Aside from defendant Zysman, plaintiff has sued five "Doe" nurses whom he alleges
24  refused him care from July 3, 2021 to July 13, 2021. ECF No. 1 at 5. Plaintiff claims only that
25  he presented to the medical wing of the prison and that these defendants refused to provide care
26  and directed him to leave. *Id.* These allegations are non-compliant with Rule 8 of the Federal
27  rules of Civil Procedure and amount to the sort of "unadorned, the-defendant-unlawfully-harmed-
28  me accusation" that the Supreme Court has deemed insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff might not know the names of these defendants, but that does not excuse him from describing the circumstances of his interactions with these defendants.  He must allege more specifics, such as: (1) when he interacted with these defendants; (2) what reasons, if any, these defendants gave for denying him care; and (3) what symptoms, if any, he presented to these defendants that would have given them reason to know of the seriousness of his condition.

Plaintiff may either proceed only with the cognizable claims identified above or he may delay serving any defendant and file an amended complaint.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2 is GRANTED.

2. Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his Eighth Amendment and state law claims claims against defendant Zysman or delay serving any defendant and file an amended complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:     January 4, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5